UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
                                                              x
LAURA J. PRESS,
                                                              :
                     Plaintiff,
                                                              :
                                                              **COMPLAINT**
       -against-                             :
                                                                 Jury Trial Demanded
                                                              :
AT&T CORP.,
                                                              :
                     Defendant.
                                                              x
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Plaintiff, by and through her attorney, alleges as follows:

**INTRODUCTION, JURISDICTION AND VENUE**

1.      Plaintiff brings this action seeking monetary damages based upon Defendant's violation of the Fair Labor Standards Act of 1938 (hereinafter "FLSA"), as amended, 29 U.S.C. § 201 *et seq.,* and the New York State Department of Labor Regulations ("NYDOL Regs"), 29 N.Y.C.R.R. §142-2.2.

2.      This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1337 and 1367.

3.      The unlawful practices alleged below were committed within the State of New York, County of Westchester. Accordingly, this action properly lies in the United States District Court for the Southern District of New York, pursuant to 28 U.S.C. § 1391.

**THE PARTIES**

1

1.       Plaintiff was at all times hereinafter mentioned and is a resident of the State of New York, County of Bronx, residing at 2465 Palisades Avenue, Apt. 4A.

2.       At all times hereinafter mentioned, Plaintiff was an "employee" within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e), and Section 190(2) of the New York State Labor Law.

3.       Upon information and belief, Defendant is a domestic business corporation with a place of business in the County of Westchester at 440 Hamilton Avenue in White Plains.

4.       Upon information and belief, Defendant was at all times hereinafter mentioned and is an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d), and Section 190(3) of the New York State Labor Law.

**FACTS**

5.       Plaintiff repeats and realleges each and every allegation contained herein.

6.       Plaintiff began employment with Defendant in or about June 1979.

10.     Plaintiff continued to perform work for Defendant until on or about March 31, 2004.

11.     From 1999 to 2004, Plaintiff performed work for Defendant as a Technical Support Specialist.  In that position, she provided technical assistance to communications technicians.

12.     From 1984 to 1999, Plaintiff performed work for Defendant as a Communications Technician.  In that position, she installed and tested telecommunications services for large business customers.

13.     Plaintiff was able to perform her duties without a college degree.

14.     Plaintiff worked more than 40 hours most weeks.

2

15. The breakdown of Plaintiff's hours worked each week in the year 1999, based upon the information she has at this time, is as follows:

<u>Week ending</u>   <u>Hours worked</u>
a. 4/17/99:   46 hours
b. 5/1/99: 41 hours
c. 5/22/99:   42.75 hours
d. 5/29/99:   42 hours
e. 6/5/99: 52.75 hours
f. 6/12/99:   54 hours
g. 6/19/99:   49.75 hours
h. 6/26/99:   49 hours
i. 7/3/99: 42.5 hours
j. 7/17/99:   54.5 hours
k. 7/24/99:   68 hours
l. 8/14/99:   44 hours
m. 8/21/99:   48.5 hours
n. 8/28/99:   43.5 hours
o. 10/16/99:   42.5 hours
p. 10/23/99:   48.5 hours
q. 10/30/99:   51.75 hours

16. The breakdown of Plaintiff's hours worked each week in the year 2000, based upon the information she has at this time, is as follows:

a. 1/15/00:   54 hours
b. 1/22/00:   52 hours
c. 1/29/00:   42 hours
d. 2/5/00: 57.5 hours
e. 3/18/00:   52 hours
f. 3/25/00:   55.5 hours
g. 4/1/00: 51.25 hours
h. 4/8/00: 45.5 hours
i. 4/15/00:   46 hours
j. 4/29/00:   50.5 hours
k. 5/6/00: 43 hours
l. 5/13/00:   50.25 hours
m. 5/20/00:   51 hours
n. 5/27/00:   54.25 hours

    o.        6/10/00:        50.75 hours
    p.        6/17/00:        48.5 hours
    q.        6/24/00:        58 hours
    r.        7/1/00: 53 hours
    s.        7/29/00:        52.5 hours
    t.        8/5/00: 48.5 hours
    u.        8/12/00:        52.75 hours
    v.        8/19/00:        50.75 hours
    w.       8/26/00:        44 hours
    x.        9/2/00: 55.75 hours
    y.        9/9/00: 41.5 hours
    z.        9/16/00:        45.5 hours
    aa.       9/23/00:        42 hours
    bb.       10/7/00:        45 hours
    cc.       10/28/00:      41.75 hours
    dd.       11/4/00:        44.5 hours
    ee.       11/11/00:      48.25 hours
    ff.       11/18/00:      46.5 hours
    gg.      12/2/00:        42.5 hours

    17.       The breakdown of Plaintiff's hours worked each week in the year 2001, based

            upon

the information she has at this time, is as follows:

    a.        1/20/01:        47 hours
    b.        1/27/01:        44 hours
    c.        2/3/01: 40.5 hours
    d.        2/10/01:        44.5 hours
    e.        2/17/01:        45.5 hours
    f.        3/3/01: 41.5 hours
    g.        3/10/01:        44 hours
    h.        3/17/01:        47.25 hours
    i.        3/24/01:        50 hours
    j.        3/31/01:        55.5 hours
    k.        4/7/01: 51.5 hours
    l.        4/14/01:        48 hours
    m.       4/21/01:        54.5 hours
    n.        5/5/01: 50.75 hours
    o.        5/26/01:        48 hours
    p.        6/9/01: 46.5 hours
    q.        6/16/01:        45 hours
    r.        6/23/01:        46 hours
    s.        6/30/01:        41 hours

    t.        7/21/01:      51.5 hours
    u.       7/28/01:      45.5 hours
    v.       8/4/01: 48 hours
    w.      8/18/01:      54.75 hours
    x.       8/25/01:      50.75 hours
    y.       9/15/01:      42 hours
    z.       9/22/01:      60 hours
    aa.     9/29/01:      53 hours
    bb.     10/20/01:    49.5 hours
    cc.     10/27/01:    54 hours
    dd.     11/3/01:      41 hours
    ee.     11/10/01:    43 hours
    ff.      12/1/01:      46 hours
    gg.     12/8/01:      46.5 hours
    hh.     12/15/01:    43.5 hours

    18.     The breakdown of Plaintiff's hours worked each week in the year 2002, based

           upon

the information she has at this time, is as follows:

    a.       1/5/02: 43 hours
    b.       1/19/02:      49 hours
    c.       1/26/02:      46.5 hours
    d.       3/2/02: 51 hours
    e.       3/9/02: 57.5 hours
    f.       3/16/02:      61.75 hours
    g.       3/23/02:      59 hours
    h.       3/30/02:      44.5 hours
    i.       4/6/02: 46 hours
    j.       4/13/02:      47 hours
    k.       4/20/02:      59.25 hours
    l.       4/27/02:      56.25 hours
    m.      5/4/02: 55.25 hours
    n.       5/11/02:      60.25 hours
    o.       5/18/02:      53 hours
    p.       5/25/02:      55.5 hours
    q.       6/15/02:      48.75 hours
    r.       6/22/02:      54.25 hours
    s.       6/29/02:      54.25 hours
    t.       7/20/02:      51 hours
    u.       7/27/02:      57.25 hours
    v.       8/3/02: 53 hours
    w.      8/10/02:      56 hours

    x.       8/17/02:      52.75 hours
    y.       9/14/02:      48 hours
    z.       9/21/02:      44.25 hours
    aa.     9/28/02:      47.5 hours
    bb.     10/12/02:     46 hours
    cc.     11/2/02:      47 hours
    dd.     11/9/02:      49 hours
    ee.     11/16/02:     52 hours
    ff.      11/23/02:     42.75 hours
    gg.     12/14/02:     51.25 hours

19. The breakdown of Plaintiff's hours worked each week in the year 2003, based upon the information she has at this time, is as follows:

    a.       1/11/03:      45.75 hours
    b.       1/18/03:      51.25 hours
    c.       1/25/03:      54.25 hours
    d.       2/1/03: 64.5 hours
    e.       2/8/03: 46 hours
    f.       2/15/03:      45 hours
    g.       2/22/03:      45.75 hours
    h.       3/8/03: 44 hours
    i.       3/15/03:      43 hours
    j.       3/22/03:      57.5 hours
    k.       3/29/03:      44.25 hours
    l.       4/5/03: 46 hours
    m.      4/12/03:      42.25 hours
    n.       4/19/03:      49.25 hours
    o.       5/10/03:      45.5 hours
    p.       5/17/03:      50 hours
    q.       5/24/03:      45.75 hours
    r.       6/7/03: 55.25 hours
    s.       6/14/03:      53.75 hours
    t.       6/21/03:      49 hours
    u.       7/5/03: 42 hours
    v.       8/2/03: 43.5 hours
    w.      8/9/03: 42.5 hours
    x.       8/23/03:      44 hours
    y.       8/30/03:      50.25 hours
    z.       9/13/03:      52 hours
    aa.     9/20/03:      47 hours
    bb.     9/27/03:      43.75 hours

      cc.      10/11/03:      42.25 hours
      dd.      10/18/03:      41.5 hours
      ee.      10/25/03:      47 hours
      ff.      11/8/03:      46 hours
      gg.      11/15/03:      50 hours
      hh.      11/22/03:      43.5 hours

20.      Based upon the foregoing information, Plaintiff worked the following number of hours in excess of 40 per week:

      a.      In 1999, 141 hours
      b.      In 2000, 296.25 hours
      c.      In 2001, 260 hours
      d.      In 2002, 379.75 hours
      e.      In 2003, 254 hours.

21.      Plaintiff therefore worked a total of 1331 hours in excess of 40 per week since on or about the week ending April 17, 1999.

22.      Notwithstanding the fact that Plaintiff worked these extra hours, Plaintiff only received pay in addition to her regular wages on four occasions.  On or about June 30, 1999, she received a check for 45.25 hours in overtime pay.  On or about August 31, 1999, she received a check for 61.5 hours in overtime pay.  On or about August 31, 2000, she received a check for 20.5 hours in overtime pay.  On or about September 29, 2000, she received a check for 12 hours in overtime.

23.      Plaintiff therefore received extra pay for 139.25 hours of overtime.  She did not receive extra pay for the remaining 1191.75 hours of overtime she worked.

24.      Instead of receiving overtime pay for such hours, Plaintiff received a

salary as follows:

    a.    In 1999, she received $58,898.11, or approximately $26.97 per hour.
    b.    In 2000, she received $65,708.46, or approximately $27.65 per hour.
    c.    In 2001, she received $64,885.38, or approximately $27.73 per hour.
    d.    In 2002, she received $69,750.52, or approximately $28.36 per hour.
    e.    In 2003, she received $71,169.60, or approximately $30.49 per hour.

25.    Pursuant to the FLSA and the NYDOL Regs, Plaintiff should have received overtime pay at 1½ times her normal hourly rate for each hour in excess of 40 per week in which she worked. Therefore, Plaintiff should have received the following additional amounts:

    a.    In 1999, $44.505 per hour x 141 hours = $6275.21.
    b.    In 2000, $41.475 per hour x 296.25 hours = $12286.97.
    c.    In 2001, $41.595 per hour x 260 hours = $10814.70.
    d.    In 2002, $42.54 per hour x 379.75 hours = $16154.57.
    e.    In 2003, $43.735 per hour x 254 hours = $11616.69.

26.    The total additional amount Plaintiff should have received for her overtime work since on or about the week ending April 17, 1999 was $57,148.13.

### AS AND FOR A FIRST CAUSE OF ACTION
### (Failure to Pay Overtime in Violation of FLSA)

27.    Plaintiff repeats and realleges each and every allegation contained herein.

28.    Defendant willfully failed to compensate Plaintiff for time worked in excess of 40 hours per week at a rate of at 1½ times her regular hourly rate since on or about the week ending April 17, 1999, in violation of Section 7 of the FLSA, 29 U.S.C. § 207(a)(1).

29.    As a result of Defendant's willful failure to pay plaintiff the overtime rate required, Plaintiff is owed overtime compensation in the amount of approximately $57,148.13.

30.    Pursuant to the FLSA, Defendant is also liable to Plaintiff for liquidated damages, interest and attorney's fees.

## SECOND CLAIM FOR RELIEF
### (Failure to Pay Overtime in Violation of New York Department of Labor Regulations)

31.     Plaintiff repeats and realleges each and every allegation contained herein.

32.     Defendant willfully failed to compensate Plaintiff for time worked in excess of 40 hours per week at a rate of at 1½ times her regular hourly rate since on or about the week ending April 17, 1999, in violation of N.Y.C.R.R. §142-2.2.

33.     As a result of Defendant's willful failure to pay plaintiff the overtime rate required, Plaintiff is owed overtime compensation in an amount of approximately $57148.13.

34.     Pursuant to the New York State Labor Law, Defendant is also liable to Plaintiff for liquidated damages, interest and attorney's fees.

## DEMAND FOR A JURY TRIAL

35.     Plaintiff repeats and realleges each and every allegation contained herein.

36.     Plaintiff demands a trial by jury.

## WHEREFORE CLAUSE

WHEREFORE, Plaintiff requests judgment as follows:

a.      On her first cause of action, that the Court order Defendant to pay Plaintiff actual damages for uncompensated overtime wages, in an amount to be determined at trial, plus interest, and an equal amount as liquidated damages pursuant to Section 216 of the FLSA, 29 U.S.C. § 216(b).

   b. On her second cause of action, that the Court order Defendant to pay Plaintiff actual damages for uncompensated overtime wages, in an amount to be determined at trial, plus interest, and an additional 25% as liquidated damages pursuant to Section 198 of the New York State Labor Law.

   c. On both causes of action, that the Court order Defendant to pay all costs and disbursements of this action, including Plaintiff's attorneys' fees.

   d. That the Court order such other and further relief as may be just and proper.

Dated: Farmingdale, New York  
    May 3, 2005

          SAUL D. ZABELL, ESQ.  
          ZABELL & ASSOCIATES, P.C.  
        ATTORNEYS FOR THE PLAINTIFF  
        700 LAKELAND AVENUE  
          BOHEMIA, NEW YORK 11716

    BY: _____  
       SAUL D. ZABELL (SDZ-2738)